FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TEDDY ROOSEVELT SIBLEY,<br><br>                Petitioner,<br><br>   v.<br><br>ROBERT JACKSON,<br><br>                Respondent. | No.   2:24-CV-244-MKD<br><br>ORDER DISMISSING HABEAS CORPUS PETITION |

Before the Court is Petitioner Teddy Roosevelt Sibley's Response to this Court's Second Order to Show Cause. ECF No. 19. On July 19, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ECF No. 1. He is in custody as a result of a judgment of a State court and is currently housed at the Washington State Penitentiary (WSP). Petitioner has paid the $5.00 filing fee. Respondent has not been served.

ORDER DISMISSING HABEAS CORPUS PETITION -- 1

# HABEAS CORPUS CLAIMS

Petitioner challenges his 2018 Ferry County Superior Court jury conviction for three counts of fourth degree assault, one count of felony harassment, one count of assault in the second degree, one count of reckless endangerment, and one count of driving while license suspended in the third degree.[1]  ECF No. 1 at 1-2.  He was sentenced to life without the possibility of parole.  *Id*. at 1; ECF No. 1-1 at 26.

As grounds for federal habeas relief, Petitioner asserts: (1) insufficient evidence related to his second-degree assault by strangulation conviction as well as application of the incorrect legal standard on deferential review of his Personal Restraint Petition (PRP), which he frames as violations of his Fourteenth Amendment due process rights; and (2) insufficient evidence related to opinion testimony, which he frames as a violation of his Sixth Amendment right to a jury trial.  ECF No. 1 at 22, 41; ECF No. 14 at 12.

---

[1] Following a direct appeal, the Washington State Court of Appeals, Division III, remanded to the trial court to vacate one count of assault in the fourth degree, but otherwise affirmed the convictions.  *See State v. Sibley*, 13 Wash. App. 2d 1059 (2020); ECF No. 1 at 19-20; ECF 1-1 at 26.

ORDER DISMISSING HABEAS CORPUS PETITION -- 2

**ORDER TO SHOW CAUSE AND RESPONSE**

On September 4, 2024, this Court determined that Petitioner's federal habeas petition, received on July 19, 2024, is untimely by more than one year under 28 U.S.C. § 2244(d), unless Petitioner can demonstrate an equitable basis to toll the federal limitations period. ECF No. 10. The Court ordered Petitioner to show cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d). *Id*. at 9.

On October 17, 2024, the Court determined that because Petitioner focused on the calculation of the limitations period rather than providing a basis for equitable tolling in his Response to the Court's Order to Show Cause, the Court would allow him one final opportunity to address equitable tolling and whether it applies to his habeas petition. ECF No. 18 at 8-9. The Court cautioned Petitioner that his failure to show cause regarding the timeliness of his Petition would be construed as his consent to the dismissal of this action. *Id*. at 9-10.

In his Response to the Court's Second Order to Show Cause, Petitioner again takes issue with the Court's denial of his *in forma pauperis* (IFP) application as moot. ECF No. 19 at 11-14-16. He alleges that the lack of qualified personnel at the WSP or materials available to help him submit the correct IFP documents with his Petition, constitutes extraordinary circumstances that warrant equitable tolling. *Id*. at 14. He appears to assert that he was unable to

ORDER DISMISSING HABEAS CORPUS PETITION -- 3

timely file his Petition "due to the Court's ruling to deny the IFP application[.]" *Id*. at 14, 16.

Petitioner paid the $5 filing fee to initiate this action. Once again, whether a petitioner is granted *in forma pauperis* status or pays the $5 filing fee has no bearing on whether a habeas action is barred by the one-year federal limitations period. Therefore, the fact that Petitioner's IFP application was denied as moot is not a sufficient reason to allow his time-barred petition to proceed.

Petitioner also asserts that the statute of limitations should be equitably tolled "because the district court abused its discretion by denying Petitioner's habeas petition without ordering the development of the factual record on Petitioner's eligibility for equitable tolling." ECF No. 19 at 10. Petitioner alleges that he "is the only party who has fully developed the factual basis of his claims presented to the Courts[.]" *Id*. He claims that the courts have failed to develop the factual basis of his claims and instead "have opted to rule on dismissing Petitioner's claims on procedural grounds as 'untimely' and/or 'frivolous,' which, in turn, significantly curtails Petitioner's ability to have his meritorious claims brought to judicial command to be heard and have the State develop a factual basis of the claims[.]" *Id*.

Petitioner also claims that equitable tolling applies to his Petition because he has "been pursuing his rights diligently." *Id*. at 7. He asserts that after his

ORDER DISMISSING HABEAS CORPUS PETITION -- 4

direct appeal was finalized on October 7, 2020, he began preparing his first Personal Restraint Petition (PRP), which he filed nearly one year later, on October 5, 2021. *Id*. He states that although "Petitioner did not file a federal habeas petition by the deadline," he had "already started preparation on his Second PRP[.]" *Id*. at 9.

As the Court noted in its Order to Show Cause and Second Order to Show Cause, the federal habeas petition received on July 19, 2024, is untimely by more than one year under 28 U.S.C. § 2244(d). ECF No. 10 at 8; ECF No. 18 at 7. Petitioner has failed to demonstrate that equitable tolling applies to his federal habeas Petition.

For the reasons set forth in the Order to Show Cause, ECF No. 10, and Second Order to Show Cause, ECF No. 18, the Court dismisses the Petitioner as time-barred under 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition, ECF No. 1, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, **enter judgment**, forward copies to Petitioner, and **CLOSE** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this

ORDER DISMISSING HABEAS CORPUS PETITION -- 5

decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

DATED November 21, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
